■ RUBEN RIVERA et al., Respondents, v CITY OF NEW YORK et al., Defendants, DIAMOND ASPHALT CORP. et al., Respondents, WELSBACH ELECTRICAL CORPORATION, Appellant-Respondent, and URBITRAN ASSOCIATES ENGINEERS, P.C., Respondent-Appellant. [840 NYS2d 321]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered July 5, 2005, which denied motions by defendants Urbitran Associates Engineers and Welsbach Electrical for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motions granted, dismissing all claims and cross claims against them. The Clerk is directed to enter judgment accordingly.

Urbitran's moving papers demonstrated a prima facie entitlement to judgment. The submissions in opposition did not sufficiently raise issues of fact as to whether Urbitran had failed to perceive an inadequately covered manhole, and whether that failure in turn contributed to a dangerous condition resulting in the accident. With respect to the allegation that defective lighting contributed to the injured plaintiff being struck by the car, the record establishes that Urbitran, hired by the City to provide resident engineer inspection services, fulfilled its contractual

duties by reporting the condition to the City, Diamond Asphalt Corp., the general contractor, and Welsbach in its letters of September 27 and November 1, 1996.

The exposure of a protruding manhole cover on a street undergoing repaving allegedly caused defendant Walton's car to veer into the path of the pedestrian plaintiff. Submissions in opposition to summary judgment establish only that the manhole cover protruded three or four inches from the surface of the unpaved roadway. There was nothing to refute Urbitran's proof that asphalt collars had been installed around them. Nor did plaintiffs submit any expert evidence that the collars had been improperly constructed or installed (see 470 Owners Corp. v Richard L. Heimer, P.E., P.C., 258 AD2d 558 [1999]). Urbitran had no involvement in the design and specifications of the project. Thus, while plaintiffs' submissions may create an issue as to whether a raised manhole cover contributed to the accident, they do not show that Urbitran was responsible for the condition, or that the raised manhole covers created a nonconformity with the contract specifications requiring any action on Urbitran's part to report it.

The contract between Welsbach & Diamond Asphalt Corp. is unambiguous as to what Welsbach's obligations are with respect to providing temporary lighting. Paragraph E, entitled "street lighting facilities" stated, in part: "Existing lights shall not be removed until new lights are energized and operational. In the event that a lampost is removed before a corresponding new lampost is energized, temporary lights must be provided by the contractor (Welsbach)."

This contractual language only required Welsbach to provide temporary lighting when it removed an existing street light. It is undisputed that Welsbach did not remove the existing street light. Therefore, under the contract it did not have a duty, contractual or otherwise, to provide temporary lighting.

Since Welsbach established that it discharged its responsibilities and obligations in a nonnegligent manner, and that in doing so, it did not breach any duty, it was entitled to summary judgment. Concur—Mazzarelli, J.P., Friedman, Gonzalez, Catterson and Malone, JJ.